UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | No. 0207 1:17-CR-00404-KAM |
| ) | |
| CHRISTOPHER CURANOVIC, ) | |
| Defendant ) | |
| ) | |

**MOTION FOR SEVERANCE AND FOR A SPEEDY TRIAL**

Christopher Curanovic, by and through his counsel, David V. Kirby, respectfully requests that this Court sever his trial from that of his co-defendants and demands the speedy trial to which he is entitled by law.

Mr. Curanovic is charged in five counts of a 23-count indictment with charges involving extortionate collection of credit, money laundering and marijuana dealing.  He is not charged in Count One, the main and most prejudicial count, relating to trafficking in AK-47s and a "Zolja anti-tank rocket launcher equipped with one 64mm rocket."  Indictment at 1-2.

Mr. Curanovic demands a speedy trial, contrary to the wishes of the other defendants in the case.

**Motion for a Speedy Trial**

Mr. Curanovic demands the speedy trial guaranteed by the Sixth Amendment to the Constitution and the Speedy Trial Act, 18 U.S.C. § 3161, et seq.

1

The Speedy Trial Act requires that Mr. Curanovic be "brought to trial within 70 days of the filing of the indictment or the defendant's initial appearance, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1)." *United States v. Bert,* 814 F.3d 70, 79 (2d Cir. 2016). The Act provides for various periods of excludable delay, § 3161(h), but none of those periods include periods of delay attributable to other defendants' wishes to waive the Speedy Trial Act. There is no provision for excludable delay attributed to a co-defendant's waiver of the provisions of the Act. A "reasonable" period of delay is, however, permissible "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." § 3161(h)(6).

    The questions then are whether the Court has properly excluded time for the other defendants (waivers aside) and whether the Court should grant a severance for Mr. Curanovic so that he is assured of the speedy trial to which he is entitled. The Court has entered a speedy trial exclusion in the interests of justice for the purpose of allowing counsel time to pursue plea negotiations. While this might be fine for other defendants, it is not fine for Mr. Curanovic. He demands a speedy trial and does not seek to pursue plea discussions. It is unfair for Mr. Curanovic to be denied a speedy trial simply because other defendants want to pursue pleas.

## Motion for Severance

Mr. Curanovic moves for severance from the other defendants on two grounds. First, he moves for severance to ensure his guaranteed right to a speedy trial is honored. Second, he moves for severance because Count One, the conspiracy to sell AK-47s and a rocket launcher is so highly and unfairly prejudicial that he cannot be guaranteed a fair trial when he is joined with a defendant facing a charge which has nothing to do with him. The spillover effect of this prejudice on the jury is simply too great a danger.

Rule 14(a), F.R.Crim.P, provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Here, two specific trial rights would be compromised—first, Mr. Curanovic's right to a speedy trial and second, his right to be tried in a case without the introduction of grossly inflammatory evidence of the sale of a rocket launcher and various AK-47 assault rifles, acts with which he is not charged.

Mr. Curanovic has a fundamental Constitutional and statutory right to a speedy trial. While there may be exceptions that allow the exclusion of time, decisions under the Speedy Trial Act are committed to the sound discretion of the District Court. *See e.g., United States v. Bert, supra.* This Court, by severing Mr. Curanovic, ensures that he can exercise his right to a speedy trial. This decision is clearly within this Court's discretion, and Mr. Curanovic respectfully requests that the Court use that discretion to ensure this fundamental right.

Second, with regard to severing Mr. Curanovic from the other defendants named in the indictment, granting this request would avoid the overwhelming prejudice of evidence of weapons dealing—having nothing to do with him—being introduced at his trial. There can be no question that the evidence is grossly inflammatory. These are weapons of war. Indeed, as the Complaint indicates, these guns and rocket launcher were supposedly "bound for Mexican drug cartels who were engaged in 'a war' along the border." Complaint ¶ 74 (p. 28). In other words, these weapons were to be used to conduct a war against agents of the United States along the border and to facilitate drug smuggling. This evidence relates to nothing else in the case. Apparently, the informant was just told to inquire about buying guns, and one defendant, without the participation or knowledge of any other, decided to set up the deal. This is neither part of the course of dealing or of the same or similar character of the other charges in the indictment.

Rule 8(a) of the Federal Rules of Criminal Procedure provides for the joinder of offenses when they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." "'Joinder is proper where the same evidence may be used to prove each count,' *United States v. Blakney*, 941 F.2d 114, 116 (2d Cir.1991), or if the counts have a 'sufficient logical connection,' *United States v. Ruiz,* 894 F.2d 501, 505 (2d Cir.1990)." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011). Here, trafficking in weapons of war—ostensibly to be used against the United States—is certainly not of the same or similar character as the crimes with which Mr. Curanovic is charged. Further, it is not based on the "same act or transaction". Simply because the government suggests to a defendant in the course of an investigation of a number of defendants that he should do something vastly out of character of the crimes committed by others and that defendant allegedly goes and commits such a crime, does not make that crime based on the same act or transaction. Finally, dealing in weapons of war is not part of a common scheme or plan. Indeed, there is nothing common among the defendants about the plan to sell weapons of war to enemies of the United States. Only one of them is alleged to have had anything to do with it. Thus, Count One does not appear to be properly joined with other counts in the indictment.

Whether properly joined or not, the prejudice stemming from evidence of the

sale of weapons of war is truly overwhelming. This provides a sound reason for severing Mr. Curanovic from the other defendants. Granting this severance based on the prejudicial spillover which would result from the introduction of evidence of this weapons charge is necessary, as is severing the case in order to ensure Mr. Curanovic's right to a speedy trial

WHEREFORE, Mr. Curanovic respectfully requests that the Court sever his trial from that of his co-defendants and demands that his right to a speedy trial be honored.

Dated: August 15, 2017

Respectfully submitted,

By: *David V. Kirby*
David V. Kirby
O'Connor & Kirby, P.C.
P.O. Box 4356
Burlington, VT 05406
(802) 863-0112
david@kirbyoconnor.com