UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 0207 1:17-CR-00404-KAM |
| | ) | |
| CHRISTOPHER CURANOVIC, | ) | |
| Defendant | ) | |
| | ) | |

### CHRISTOPHER CURANOVIC'S RESPONSE AND REPLY IN SUPPORT OF HIS MOTION FOR SEVERANCE AND FOR A SPEEDY TRIAL

Christopher Curanovic, by and through his counsel, David V. Kirby, respectfully submits this response and reply[1] to the government's filings concerning his demand for a speedy trial and his motion to sever his case from that of his co-defendants.

**Speedy Trial**

The government argues that Mr. Curanovic's speedy trial exclusions are governed by exclusions given to other defendants during a "reasonable period." 18 U.S.C. § 3161(h)(6) (Speedy trial time excluded for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."). The question

---

[1]   During the hearing on August 11, while setting the briefing schedule for these motions, the Court spoke about a response being filed on August 22nd and a reply being file on August 29th. Counsel's "response" to the government's initial letter was *de minimus*. Thus, counsel intended to consolidate it with the "reply" to be filed on August 29. In any event, counsel has consolidated both the response and reply into this document.

1

is not whether the speedy trial clock as it applies to Mr. Curanovic will be violated by "reasonable" delays charged against other defendants. The question is whether this Court, in its discretion, will provide Mr. Curanovic with a speedy trial that he demands. Nothing in § 3161(h)(6) or the case law cited by the government require the Court to order a joint trial for all the defendants. The Court has discretion as to whether to sever Mr. Curanovic's case and ensure that he obtains the speedy trial he demands.

Mr. Curanovic moved for severance for two reasons: first, because, as the Court is well aware, he seeks a speedy trial and his co-defendants do not, and second, to preserve his speedy trial claim if the delay in his trial due to co-defendants becomes "unreasonable" under § 3161(h)(6). *United States v. Vasquez*, 918 F.2d 329, 336 (2d Cir. 1990) ("[A] defendant must make a motion for severance in order to benefit from the reasonableness requirement of subsection (h)(7)" now subsection (6).). For the foregoing reasons, Mr. Curanovic requests that his trial be severed from that of his co-defendants.

**Severance Required Due to the Prejudice Inherent in a Joint Trial with the Defendant Charged in Count One**

Mr. Curanovic also has moved for severance because of the prejudice of the joinder in this indictment of a count dealing with the sale of weapons of war, a count in which he is not charged. The danger of spillover prejudice from such a

joint trial is simply too great a risk, and Mr. Curanovic requires his case to be severed in order to insure he receives a fair trial without this danger. The government defends their request for a joint trial by suggesting that collecting an extension of credit by extortionate means is a crime of violence. No violent acts, however, are alleged against Mr. Curanovic and, while the charge of collecting an extension of credit by extortionate means may meet the technical definition of a "crime of violence" under the caselaw, the plan to sell AK-47s and a Rocket Launcher to the "Mexican drug cartels" to "wage 'a war'" along the [US/Mexico] border" is simply of a grossly different order. These are weapons of war supposedly to be used against United States law enforcement personnel. To suggest that the admission of evidence of trying to collect a debt by extortionate means is equal in prejudice to the introduction of evidence of selling weapons to enemies of the United States is simply fanciful.

Next, the government suggests that Mr. Curanovic spoke with the defendant in Count One, Albert Veliu, about the weapons transaction. This cryptic conversation has nothing to do with the crimes with which Mr. Curanovic is charged. If this conversation were about the weapons transaction (which is not at all clear), it is extremely prejudicial to Mr. Curanovic.[2] The government

---

[2] If the conversations are not about the weapons transaction, they are even more prejudicial to Mr. Curanovic, because the government will try to portray them as though they are about the transaction and, because of their cryptic nature, the jury might even believe that they are. As such, they should be excluded under F.R.Evid 403.

acknowledges that this conversation constitutes "other crimes" evidence against Mr. Curanovic which may not even be admissible against him under F.R.Evid 404(b). Obviously, if the government gives notice of its intention to try to admit these conversations against Mr. Curanovic, we will move for a hearing on their admissibility.

This simply provides yet another ground for severing Mr. Curanovic's trial from the other defendants. At a joint trial, the government will obviously want to get this conversation in against Mr. Veliu as further proof of his alleged weapons dealing. But this conversation is so prejudicial to Mr. Curanovic and so cryptic that it should not be admitted against him for any reason, and admission of the conversation against Mr. Veliu requires that the Court sever Mr. Curanovic's trial.

WHEREFORE, Mr. Curanovic respectfully requests that the Court sever his trial from that of his co-defendants and demands that his right to a speedy trial be honored.

Dated: August 25, 2017

Respectfully submitted,

By: *David V. Kirby*
David V. Kirby
O'Connor & Kirby, P.C.
P.O. Box 4356
Burlington, VT 05406
(802) 863-0112
david@kirbyoconnor.com
