```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

UNITED STATES OF AMERICA,
                                              MEMORANDUM AND ORDER
        - against -

CHRISTOPHER CURANOVIC,                        17-CR-404 (KAM)

              Defendant.

-----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

Presently before the court is defendant Christopher Curanovic ("Curanovic")'s motion for severance and a speedy trial, and the government's motion to exclude speedy trial time as to Curanovic and opposition to Curanovic's severance motion. (ECF No. 87, First Motion to Exclude Speedy Trial Time ("Govt. Mot."); ECF No. 90, First Motion to Sever Defendant, First Motion for Speedy Trial ("Def. Mot.").) For the reasons stated herein, Curanovic's motion for severance and a speedy trial is denied, and the government's motion to exclude speedy trial time as to Curanovic, from August 4, 2017 to October 2, 2017, is granted.

## BACKGROUND

On July 26, 2017, the government filed a twenty-three count Indictment, charging ten defendants variously with counts relating to extortionate collection of debt, money laundering, transactions in property derived from unlawful activity, distribution of marijuana, and conspiracy to engage in the

foregoing activities, and charging one defendant with conspiracy to transport a destructive device and machine guns. (ECF No. 58, Indictment.) Curanovic is charged, together with defendants Albert Veliu[1] and Anthony Noterile, in Counts Two, Three, and Four, which charge extortionate collection of credit conspiracy, money laundering conspiracy, and money laundering, respectively. (*Id.*) In addition, Curanovic is charged, together with defendants Veliu and Trish Lum, in Counts Twenty-Two and Twenty-Three, which charge conspiracy to distribute marijuana and distribution of marijuana, respectively. (*Id.*) Veliu is the sole defendant charged in Count One, with conspiracy to transport a destructive device and machine guns, specifically, fourteen AK-47 assault rifles and one Zolja anti-tank rocket launcher equipped with one 64mm rocket. (*Id.*)

On August 4, 2017, all defendants, with the exception of Trish Lum and Ekram Sejdija, who sought continuances of their arraignments, were arraigned and entered pleas of not guilty. (ECF No. 69, Minute Entry for Arraignment held on 8/4/2017.) Defendants Lum and Sejdija were subsequently arraigned on August 11, 2017, and entered pleas of not guilty. (ECF No. 83, Minute Entry for Arraignment held on 8/11/2017.) Orders of excludable delay were entered as to all defendants, with the exception of Curanovic, until the next scheduled status conference to be held on October

---

[1] Although there are two defendants with the surname "Veliu," for purposes of this Order, references to "Veliu" refer specifically to Albert Veliu.

2, 2017, based on the court's finding that the ends of justice would be served to allow time to prepare for trial of a complex case and to continue with ongoing plea negotiations. (ECF Nos. 70-76, 84-85, Orders of Excludable Delay.)

During a status conference held on August 11, 2017, the government and Curanovic stated their intention to file motions pertaining to speedy trial, and Curanovic stated his intention to file a motion to sever his trial from his co-defendants.[2] A briefing schedule was ordered and the instant motions ensued.

## LEGAL STANDARD

I. **Speedy Trial**

The Speedy Trial Act ("the Act") provides that a criminal defendant must be tried within seventy days of the filing of the information or indictment, or of his initial appearance in the district where the charges are pending, whichever occurs later. *See* 18 U.S.C. § 3161(c)(1); *United States v. Holley*, 813 F.3d 117, 120 (2d Cir. 2016). The Act sets forth certain periods of delay that "shall be excluded" from the seventy-day speedy trial clock, including, in cases involving multiple defendants, a "reasonable period of delay when the defendant is joined for trial with a

---

[2] In the minute entry pertaining to the August 11, 2017 status conference, the court invited counsel for defendants Veliu, Noterile, and Lum, each of whom is also named in the various counts for which Curanovic is charged, to join in Curanovic's application to sever. (*See* ECF Minute Entry for 8/11/2017 status conference.) However, no additional requests for severance were filed with the court.

3

codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6).

In applying § 3161(h)(6), courts in this circuit have repeatedly held that in the absence of severance, any excludable delay as to one defendant applies to all co-defendants, such that the case is governed by a unitary speedy trial clock. *See United States v. Pena*, 793 F.2d 486, 489 (2d Cir. 1986) ("[D]elay attributable to any one defendant is charged against the single clock, thus making the delay applicable to all defendants.") (quoting *United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983)); *see also United States v. Gonzalez*, 399 F. App'x 641, 644 (2d Cir. 2010); *United States v. Muyet*, 225 F.3d 647, 2000 WL 1275925, at *4 (2d Cir. 2000). In addition, in order to challenge the reasonableness of a delay attributable to co-defendants under § 3161(h)(6), a defendant must move for severance. *See United States v. Vasquez*, 918 F.2d 329, 336-37 (2d Cir. 1990) ("If a defendant makes a motion for severance that is denied, he is then entitled to the benefit of the reasonableness limitation on delays affecting co-defendants."); *United States v. Cephas*, 937 F.2d 816, 822 (2d Cir. 1991) ("[T]he duty to inquire into whether a delay caused by a co-defendant is reasonable is triggered only when the defendant has sought severance from the particular defendant who is responsible for the delay at issue.").

A speedy trial delay attributable to co-defendants under § 3161(h)(6) is considered in light of the congressional intent "to make sure that [the Act] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under Section 3161." *Pena*, 793 F.2d at 489 (citing S. Rep. No. 1021, 93d Cong., 2d Sess. 38 (1974)); *see also United States v. Stone*, No. 05-CR-401, 2006 WL 436012, at *6 (S.D.N.Y. Feb. 22, 2006) (noting that the Congressional Record "indicates that Congress did not intend to subject joint trials to the Speedy Trial Act.") (citing *Pena*, 793 F.2d at 489-90); *United States v. Van Sichem*, No. 89-CR-813, 1990 WL 41746, at *2 (S.D.N.Y. Apr. 2, 1990) ("The Speedy Trial Act was not meant to change the rules applicable to severance.") (citing *Pena*, 793 F.2d at 489-90, and *Piteo*, 726 F.2d at 52). Thus, speedy trial concerns generally will not suffice as a standalone basis for severance.

## II. Severance

### a. Joinder Under Rule 8

Rule 8 of the Federal Rules of Criminal Procedure ("Rule 8") governs the joinder of multiple counts and multiple defendants in a single indictment. Under Rule 8(a), an indictment "may charge a defendant in separate counts with [two] or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or

5

transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011). Joinder is proper "where the same evidence may be used to prove each count, or if the counts have a sufficient logical connection." *Page*, 657 F.3d at 129 (citations and internal quotation marks omitted).

Under Rule 8(b), multiple defendants who allegedly "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses" may be charged in a single indictment. Fed. R. Crim. P. 8(b). Further, the "defendants may be charged in one or more counts together or separately," and "[a]ll defendants need not be charged in each count." *Id.* Rule 8(b) "does not require a common goal or conspiracy," but rather, "requires only that the counts be connected by common facts or participants *or* that they arise out of a common plan or scheme." *United States v. Ferrarini*, 9 F. Supp. 2d 284, 292 (S.D.N.Y. 1998) (citing *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989)) (emphasis in original); *see also United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) (applying "a 'commonsense rule' to decide whether, in light of the factual overlap among charges, joint proceedings would produce sufficient efficiencies such that joinder is proper notwithstanding the possibility of prejudice to either or both of the defendants resulting from the joinder") (citations omitted);

*United States v. Columbo*, 418 F. Supp. 2d 385, 388 (S.D.N.Y. 2005) (finding joinder proper despite charges of "multiple conspiracies rather than one over-arching conspiracy involving all defendants" due to "important links" between the charges against one defendant and the other counts charged in the indictment).

Where an indictment involves the joinder of both multiple offenses and multiple defendants, courts apply Rule 8(b) to evaluate whether joinder is proper. *See Attanasio*, 870 F.2d at 814 (citing *United States v. Turoff*, 853 F.2d 1037, 1043 (2d Cir. 1988)); *United States v. Burke*, 789 F. Supp. 2d 395, 397 (E.D.N.Y. 2011) ("[I]t is well-settled that while a movant in a multi-defendant and multi-offenses case may move for a severance under either Rule 8(a) or Rule 8(b), Rule 8(b) is the governing rule when a movant seeks severance from co-defendants in such instances.") (citing *Attanasio*, 870 F.2d at 814 and *Turoff*, 853 F.2d at 1043).

**b. Severance under Rule 14(a)**

Even if joinder is proper under Rule 8, Federal Rule of Criminal Procedure 14(a) ("Rule 14(a)") allows a court to "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). The Supreme Court has expressed a strong "preference in the federal system for

7

joint trials of defendants who are indicted together" in order to "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. United States,* 506 U.S. 534, 537 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 209-10 (1987)) (internal quotation marks omitted). Accordingly, where defendants have properly been joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539; *see also Rittweger*, 524 F.3d at 179 (quoting *Zafiro*, 506 U.S. at 539).

Whether sufficient prejudice exists to warrant severance is a highly fact-specific determination, and the decision of whether to sever a trial is committed to the "sound discretion of the district courts." *Zafiro*, 506 U.S. at 541; *see also Rittweger*, 524 F.3d at 179. In addition, even where there is a high risk of prejudice, "less drastic measures, such as limiting [jury] instructions, often will suffice to cure any risk of prejudice" from a joint trial. *Zafiro*, 506 U.S. at 539. Thus, a defendant claiming prejudicial spillover from a joint trial "bears an extremely heavy burden," and must show "more than that he would have stood a better chance of obtaining an acquittal had he had a separate trial," but rather, "that a miscarriage of justice has

8

occurred." *United States v. Nerlinger*, 862 F.2d 967, 974 (2d Cir. 1988) (citations omitted); *see also Rittweger*, 524 F.3d at 179 (quoting *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993)); *United States v. Spinelli*, 352 F.3d 48, 54-55 (2d Cir. 2003) (citations omitted).

The risk of prejudice may be heightened where, for example, "many defendants are tried together in a complex case and they have markedly different degrees of culpability," or where "essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." *Zafiro*, 506 U.S. at 539. However, "where there is some connection between the alleged conspiracy and the counts that charge [the defendant] alone such that some overlap of evidence can be anticipated at trial, [the defendant] has not carried his burden for showing a single trial to be prejudicial." *United States v. Alegria*, 761 F. Supp. 308, 312 (S.D.N.Y. 1991). In addition, even where one defendant has been charged in fewer counts or played a lesser role than his co-defendants, courts routinely deny severance motions. *See Ferrarini*, 9 F. Supp. 2d at 290 ("[I]t is well established that defendants who played a minor role in a conspiracy may be tried with those who played a larger or dominant role.") (citing *United States v. Cardascia*, 951 F.2d 474, 483 (2d Cir. 1991) and *United States v. Casamento*, 887 F.2d 1141, 1153 (2d Cir. 1989)). Indeed, a "disparity in the quantity of evidence and of proof of

9

culpability are inevitable in any multidefendant trial, and by themselves do not warrant a severance." *Cardascia*, 951 F.2d at 483 (citations omitted); *see also Spinelli*, 352 F.3d at 55.

**DISCUSSION**

In his instant motion, Curanovic seeks severance on two grounds: first, to safeguard his right to a speedy trial;[3] and second, to avoid the danger of spillover prejudice, specifically from evidence pertaining to Count One, which he contends will compromise his right to a fair trial. (Def. Mot. at 3.) The government, in opposition, argues that Curanovic is properly joined in the indictment, that any concerns of prejudice can be cured through less drastic measures than severance, and that the speedy trial clock should be stopped as it relates to Curanovic, under the rule that "when the speedy trial clock stops for one defendant, it stops for all co-defendants as well." (Govt. Mot. at 1; *see also* ECF No. 94, Response in Opposition to First Motion to Sever ("Govt. Opp.") at 2.) For the reasons set forth below, the court finds that Curanovic is properly joined under Rule 8(b) and has not demonstrated sufficient prejudice to warrant severance under Rule 14(a). The court, therefore, denies Curanovic's motion

---

[3] Curanovic notes, in opposition to the government's motion to exclude time, that he is moving for severance in part because "he seeks a speedy trial and his co-defendants do not," and in part "to preserve his speedy trial claim if the delay in his trial due to co-defendants becomes 'unreasonable' under § 3161(h)(6)." (ECF No. 98, Response in support of first motion to sever ("Def. Opp.") at 2.)

for severance and grants the government's motion to exclude time as to Curanovic under § 3161(h)(6), from August 4, 2017 to October 2, 2017, the time excluded for his co-defendants.[4]

I. **Severance**

Curanovic's instant motion focuses primarily on the weapons trafficking charges against Veliu, contained in Count One, which Curanovic contends would unfairly prejudice his trial on the counts with which he is charged. (Def. Mot. at 3-5.) Specifically, Curanovic argues that Count One is improperly joined with the other counts in the indictment, and further, that the spillover prejudice from the "grossly inflammatory evidence" relating to the weapons trafficking charge against Veliu "is so highly and unfairly prejudicial that [Curanovic] cannot be guaranteed a fair trial." (*Id.*) Although Curanovic's challenge to the joinder of Count One is asserted under Rule 8(a), he seeks severance from his co-defendants, and the court, therefore, addresses his motion under Rules 8(b) and 14(a).

First, the court finds that Count One is sufficiently "connected by common facts or participants" and "arises out of a

---

[4] The court notes that as of August 15, 2017, time has been excluded from Curanovic's speedy trial rights by virtue of the government's motion to exclude time, and Curanovic's cross-motion to sever and for a speedy trial, which were filed on August 15, 2017 and August 16, 2017, respectively, and were fully-briefed as of August 31, 2017. (ECF No. 87, Govt. Mot.; ECF No. 90, Def. Mot.; ECF No. 100, Government Reply re First Motion to Exclude Speedy Trial Time ("Govt. Repl.").) *See* 18 U.S.C. § 3161(h)(1)(D) (excluding "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion").

11

common plan or scheme" such that it is properly joined under Rule 8(b). Although Veliu is the only defendant named in Count One, he is charged in multiple conspiracies involving money laundering, extortionate collection of credit, and marijuana distribution, with which his co-defendants, including Curanovic, are also charged. *See Nerlinger*, 862 F.2d at 973 ("The established rule is that a non-frivolous conspiracy charge is sufficient to support joinder of defendants under [Rule 8(b)].").

Specifically, as set forth in the complaint, Veliu was introduced to CS-3, the individual with whom he transacted in the conduct charged in Count One, by CS-2, through his involvement in the money laundering conspiracies charged in the Indictment. (*See* ECF No. 1, Complaint ("Compl.") ¶ 39.) Veliu allegedly discussed with CS-3 "future money laundering activities" in addition to the purchase of firearms charged in Count One (*id.*), and continued to engage in money laundering with both CS-2 and CS-3 during the period in which Veliu's co-defendants, including Curanovic, are charged. According to the complaint, Veliu, in turn, initially came into contact with CS-2 through payment of the extortionate debt owed by CS-1 to Curanovic. (*Id.* at ¶¶ 9-10, 15.) Indeed, as set forth in the complaint, the extortionate debt owed to Curanovic was the impetus behind the money laundering arrangement between CS-1, CS-2, Veliu, Curanovic, and Noterile. (*Id.* at ¶¶ 12-15, 17.)

Thus, although Veliu's co-defendants are not charged in the specific count pertaining to weapons trafficking, this conduct occurred during the same timeframe and in conjunction with the same individuals involved in the transactions in which Veliu's co-defendants were charged, and are, therefore, sufficiently linked in a "series of acts or transactions, constituting an offense or offenses," as required under Rule 8(b). *See, e.g., Columbo*, 418 F. Supp. 2d at 388-89 (finding proper joinder of charges involving "multiple conspiracies rather than one over-arching conspiracy involving all defendants" due to "a related series of acts or transactions linking the facts and defendants"). The court, therefore, finds that Count One is properly joined in the Indictment.

The court further finds that Curanovic has not met the "extremely heavy burden," under Rule 14(a), of demonstrating sufficient prejudice to overcome the strong preference for joint trials of defendants who are indicted together. Curanovic's claim rests solely on the risk of spillover prejudice, which he contends will inevitably result from the evidence regarding Veliu's involvement in weapons trafficking. The court, however, finds that any such risk is readily cured by a limiting jury instruction that each defendant must be considered separately as to each count in which he is named. Indeed, such limiting instructions are routinely deemed sufficient to avoid spillover prejudice,

13

especially where, as here, "the evidence with respect to each of the defendants [is] sufficiently straightforward that the jury could consider it without any significant spillover effect." *Rittweger*, 524 F.3d at 179; *see also Zafiro*, 506 U.S. at 540-41; *Stone*, 2006 WL 436012, at *4. As noted by defense counsel, Count One charges Veliu with conduct that is factually distinct from the counts in which his co-defendants are charged. The court, therefore, finds it unlikely that the jury would be unable to follow a limiting instruction to consider the evidence separately for each defendant, and that there is no basis in the instant case to undermine the well-settled recognition that juries follow the instructions given by the trial judge. *See Zafiro*, 506 U.S. at 540 (quoting *Richardson*, 481 U.S. at 211); *Stone*, 2006 WL 436012, at *4.

Further, regarding Curanovic's concerns that the conduct charged in connection with the weapons trafficking count is "of a grossly different order" of violence as compared to the counts in which Curanovic is charged (Def. Opp. at 3), the court notes that "although the joinder of violent with nonviolent crimes may be a factor for a court to consider in granting a motion to sever, there is no inherent prejudicial spillover in such circumstances, particularly where the court instructs a jury to consider the evidence against each defendant, on each count, separately." *United States v. Heatley*, 994 F. Supp. 483, 488 (S.D.N.Y. 1998)

14

(citations omitted). The court further notes, as asserted by the government, that Curanovic is similarly charged with a crime of violence, which although factually distinct, counters his concerns regarding undue prejudice.

In addition, "[e]vidence adduced against one alleged co-conspirator is 'neither spillover nor prejudicial' if it would be admissible at a separate trial against the movant as an act of a co-conspirator in furtherance of a conspiracy due to the nature of conspiratorial illegal activity." *United States v. Spicer*, No. 10-CR-657, 2013 WL 871952, at *3 (E.D.N.Y. Mar. 7, 2013) (quoting *Rosa*, 11 F.3d at 341 ("[T]he fact that testimony against a codefendant may be harmful is not a ground for severance if that testimony would also be admissible against the moving defendant if tried separately. Evidence at the joint trial of alleged coconspirators that, because of the alleged conspiratorial nature of the illegal activity, would have been admissible at a separate trial of the moving defendant is neither spillover nor prejudicial.")); *see also United States v. Lindauer*, No. 03-CR-807, 2004 WL 2813168, at *3 (S.D.N.Y. Dec. 6, 2004) ("Because proof of the full nature and scope of a conspiracy is admissible even at the trial of lesser participants, a defendant cannot claim improperly prejudicial spillover from the introduction of such proof.") (citations and internal quotation marks omitted). This "is true even when the co-conspirator's acts are of greater

15

severity." *Spicer*, 2013 WL 871952, at *3. Moreover, "the fact that evidence may be admissible against one defendant but not another does not necessarily require severance." *Rittweger*, 524 F.3d at 179 (citations omitted).

Here, it is premature to determine what, if any, evidence will be offered or excluded following the parties' pretrial motions. Thus, Curanovic has not yet specifically identified evidence pertaining to Count One that would not otherwise be admissible against him, other than his general contentions regarding the prejudicial nature of the particular conversations between himself and Veliu, discussed in the government's opposition (*see* Govt. Opp. at 8-12), which he argues should be excluded under Federal Rule of Evidence 403. (Def. Opp. at 3-4.) With respect to this claim, the court notes that "denying [a defendant's] motion to sever does not obviate his ability to seek exclusion of any [potentially prejudicial evidence] at trial pursuant to Rule 403," *Spicer*, 2013 WL 871952, at *4, and that Curanovic's concerns regarding any unduly prejudicial evidence can be addressed in advance of trial.

Based on the foregoing, the court finds that severance is not warranted in the instant case, and Curanovic's motion to sever is, therefore, denied.

**II. Speedy Trial**

In light of the court's denial of Curanovic's motion for severance, the court considers whether the delay attributable to Curanovic's co-defendants is reasonable. At the present stage, the court finds that Curanovic has not been prejudiced by the delay attributable to his co-defendants. Indeed, Curanovic's counsel stated that he has moved for severance, in part, "to preserve his speedy trial claim *if the delay in his trial due to co-defendants becomes 'unreasonable'* under § 3161(h)(6)." (Def. Opp. at 2 (emphasis added).) Moreover, Curanovic's speedy trial clock has been stayed as of August 15, 2017, the date the government filed its motion to exclude speedy trial time, and the date of Curanovic's motion to sever and for a speedy trial.[5] (ECF No. 87, Govt. Mot.; ECF No. 90, Def. Mot.); 18 U.S.C. § 3161(h)(1)(D).

The court further finds, as previously indicated in orders of excludable delay issued as to the defendants arraigned on August 4, 2017, that the exclusions of speedy trial time granted as to Curanovic's co-defendants were reasonable, based upon the parties' applications and the court's finding that the ends of justice outweigh the interest of the public and the defendants in a speedy trial in light of the complexity of the case. (*See* ECF

---

[5] The court notes that although Curanovic's motion to sever and for a speedy trial was dated August 15, 2017, it was not entered on the docket until August 16, 2017. The speedy trial clock was nonetheless tolled as of August 15, 2017 due to the filing of the government's motion on that date.

17

Nos. 70-76.) The court's designation of this case as complex is based on the number of defendants and offenses charged, in particular the overlapping involvement of multiple defendants in the various offenses, as well as the nature of the prosecution. *See* 18 U.S.C. § 3161(h)(7)(B)(ii); *United States v. Lynch*, 726 F.3d 346, 355 (2d Cir. 2013) (noting that § 3161(h)(7) "allows the district court to grant a continuance on its own initiative if the interests of justice justify such a delay.") (citations omitted).

Based on the foregoing, the court finds that excludable delay is proper as to Curanovic, and the government's motion to exclude time as to Curanovic is granted.

### CONCLUSION

For the foregoing reasons, Curanovic's motion for severance and a speedy trial is DENIED, and the government's motion to exclude speedy trial time, from August 4, 2017 to October 2, 2017, as to Curanovic is GRANTED. The parties shall appear as scheduled for the status conference on October 2, 2017 at 11:00 a.m., at which a trial date will be discussed.

**SO ORDERED.**

Dated:   October 2, 2017
         Brooklyn, New York

                                              /s/
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge